IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN YOUNGBLOOD,            )
                             )
            Plaintiff,       )
                             )  CIVIL ACTION
v.                           )
                             )  No. 08-2607-KHV-GBC
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security, )
                             )
            Defendant.       )
_____)

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act). Finding error in the Commissioner's evaluation of the treating physician's and treating therapist's opinions, the court recommends the decision be REVERSED and the case be REMANDED for further proceedings consistent with this opinion.

**I.  Background**

Plaintiff applied for DIB and SSI on November 1, 2005, alleging disability beginning May 9, 2005. (R. 11, 60-65). His

applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge (ALJ). (R. 11, 22-27, 44). On July 7, 2008 a hearing was held at which plaintiff was represented by an attorney, and testimony was taken from plaintiff and from a vocational expert. (R. 11, 474-98). On August 26, 2008, ALJ James S. Stubbs issued a decision in which he applied the Commissioner's sequential evaluation process, found plaintiff is not disabled within the meaning of the Act, and denied plaintiff's applications. (R. 11- 21). As relevant to plaintiff's allegations of error, the ALJ discussed and summarized the medical evidence of record, discussed and applied the Commissioner's psychiatric review technique for evaluating mental impairments, and discussed and evaluated the opinions of plaintiff's treating physician, Dr. Craig Dietz, and plaintiff's treating therapist, nurse practitioner Sharon Schmidt. (R. 14-18).

The ALJ gave "little weight" to the opinions of Dr. Dietz and nurse practitioner Schmidt, and assessed plaintiff with the residual functional capacity (RFC) for a range of sedentary work with moderate limitations in the mental ability "to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, and in the ability to sustain an ordinary routine without special supervision." (R. 18). He found that plaintiff is unable to perform his past

relevant work, but that he is capable of performing other work existing in the economy in significant numbers. (R. 18-19, 20). Consequently, the ALJ concluded that plaintiff is not disabled within the meaning of the Act, and denied his applications. (R. 19, 20).

Plaintiff requested, but was denied Appeals Council review of the ALJ's decision. (R. 4-7). Therefore, the ALJ's decision is the final decision of the Commissioner. Id.; Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review.

**II. Legal Standard**

42 U.S.C. § 405(g) guides the court's review of a final decision by the Social Security Administration. It provides that "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the Commissioner's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court

may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner uses a five-step process to evaluate whether a claimant is disabled. Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004). "If a determination can be made at any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520, 416.920 (2008). This assessment is used at both step four and step five of the sequential evaluation process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform his past relevant work, and whether he is able to perform other work in the economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the Commissioner erred in weighing the opinions of Dr. Dietz and nurse practitioner Schmidt, and in assessing limitations in plaintiff's RFC. The Commissioner argues that the ALJ properly evaluated the opinions, that substantial evidence in the record supports that evaluation, and that the RFC assessed properly captured plaintiff's limitations. The court finds remand is necessary because of error in the ALJ's evaluation of the medical source opinions.

**III. Evaluation of Dr. Dietz's Treating Source Opinion**

Plaintiff claims that the ALJ failed to articulate a rationale or cite to evidence in support of his decision to give little weight to Dr. Dietz's opinion, and failed to explain how the evidence supports the decision in light of the regulatory factors for weighing medical opinions. The Commissioner argues that the ALJ properly weighed Dr. Dietz's opinion in that he stated reasons for discounting the opinion, and the Commissioner argues that those reasons are supported by substantial evidence in the record.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). A treating source's medical opinion may be given controlling weight

if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003).  If the treating source opinion is not given controlling weight, it is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  Id. at 1300.  Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

After considering the factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion, and "if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so."  Id. 350 F.3d at

1301(citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)). Where the ALJ's RFC determination conflicts with a medical source opinion, the ALJ must explain why he did not adopt the medical source opinion. Soc. Sec. Ruling (SSR) 96-8p, West's Soc. Sec. Reporting Serv. 150 (Supp. 2009). Determination of issues reserved to the Commissioner, such as opinions regarding: whether an impairment meets or equals a listing; plaintiff's RFC; whether a plaintiff can do past relevant work; how age, education, and work experience apply; and whether a plaintiff is disabled, will not be given any special significance or controlling weight. 20 C.F.R. §§ 404.1527(e)(2 & 3), 416.927(e)(2 & 3); SSR 96-5p, West's Soc. Sec. Reporting Serv. 123-24 (Supp. 2009); SSR 96-8p, West's Soc. Sec. Reporting Serv. 150, n.8 (Supp. 2009).

Here, the ALJ acknowledged that Dr. Dietz had completed a Physical RFC Questionnaire in which he opined that plaintiff was incapable of even low stress jobs due to extreme fatigue and chronic depression, and "assessed some very significant physical restrictions for claimant with respect to both sitting and standing, all of which would preclude competitive employment." (R. 18). He provided his evaluation of Dr. Dietz's opinion:

> An Administrative Law Judge must weigh the credibility of respective physicians. Additionally, although the uncontradicted opinion of a treating physician is entitled to substantial weight, that tenet is not

>     without some limitations.  In weighing opinion
>     evidence, the degree to which the opinion is supported
>     by medical signs and findings is also considered (20
>     CFR §§ 404.1527(d)(3) and 416.927(d)(3)).  Overall, the
>     undersigned finds that the opinion and findings of Dr.
>     Dietz are inconsistent with the totality of the medical
>     evidence.  Specifically, [**(1)**] his findings are not
>     supported by the medical treatment records or mental
>     health records for claimant during the period in
>     question, as previously discussed.  They are also not
>     supported by claimant's [**(2)**] sporadic medical
>     treatment for his alleged physical and mental symptoms
>     and his [**(3)**] demonstrated level of functioning during
>     said period.  Moreover, Dr. Dietz's assessment and
>     findings [**(4)**] render an opinion on the ultimate issue
>     of disability and inability to engage in gainful
>     activity under the Social Security Act, all of which is
>     reserved to the Commissioner (See 20 CFR §§ 404.1527(e)
>     and 416.927(e)).  Accordingly, the above-cited opinion
>     and findings of Dr. Dietz are being given little
>     weight.

(R. 18)(numbering added).  The court finds that, as annotated above, the decision stated four specific reasons for discounting Dr. Dietz's medical opinion, but as plaintiff argues, the reasons are merely conclusory findings which the ALJ has not supported with rationale, example, or evidence.

With regard to reason (1), the ALJ found Dr. Dietz's opinion is not supported by the medical records "as previously discussed."  (R. 18).  While it is true that in the decision the ALJ previously discussed and summarized the medical records, he did not explain in what way the medical records do not support (or are contrary to) Dr. Dietz's opinion.  In order to find this reason supported by the evidence, the court must speculate regarding what evidence in the medical records the ALJ found did

not support Dr. Dietz's opinion, consider what other evidence supports the opinion, and weigh the evidence to determine whether the contrary evidence outweighs the supporting evidence. This it may not do. The court must evaluate the decision based solely upon the rationale presented in the decision, <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084 (10th Cir. 2004), may not re-weigh the evidence, <u>Hackett</u>, 395 F.3d at 1172, and may not consider or create a post-hoc rationalization to justify the decision. <u>Grogan v. Barnhart</u>, 399 F.3d 1257, 1263 (10th Cir. 2005) (reviewing court may not create post hoc rationalization); <u>Knipe v. Heckler</u>, 755 F.2d 141, 149 n.16 (10th Cir. 1985)(decision may not be affirmed on basis of appellate counsel's post hoc rationalizations).

In similar fashion, the court finds that reasons two, three, and four must be rejected: Reason two, because the ALJ did not explain how, in the circumstances presented here, sporadic treatment precludes acceptance of Dr. Dietz's opinions regarding preclusion of low-stress jobs or restrictions in sitting or standing; reason three, because the ALJ did not explain or cite examples which show that plaintiff's "demonstrated level of functioning" exceeded the limitations opined by Dr. Dietz; and reason four, because Dr. Dietz did not "render an opinion on the ultimate issue of disability and inability to engage in gainful activity." As reason four suggests, the issues of disability or

inability to work are issues reserved for the Commissioner and may not be given controlling weight or even special significance. However, Dr. Dietz did not opine that plaintiff is disabled or unable to work. He stated his opinions regarding plaintiff's abilities and limitations resulting from his impairments. As the ALJ noted, if Dr. Dietz's opinion is accepted in its entirety, plaintiff will necessarily be found disabled, but the entire opinion may not be rejected merely because accepting it leads to a conclusion the ALJ does not desire to reach. The ALJ must provide legitimate, specific reasons based upon the record which show that the opinion may be rejected or discounted. Thus, in a case such as this where the ALJ did not explain the rationale for his findings, remand is necessary for a proper explanation supported by substantial evidence in the record.

**IV. Evaluation of Nurse Practitioner Schmidt's "Other Medical Source" Opinion**

Plaintiff claims that although plaintiff's nurse practitioner therapist is not an "acceptable medical source," she is an "other medical source" who provided an opinion which must be weighed in accordance with the regulatory factors, but that the ALJ committed reversible error when he "neither discussed nor analyzed the weight this opinion should have been afforded in the decision." (Pl. Br. 17-18). The Commissioner argues that the ALJ properly evaluated nurse practitioner Schmidt's opinion, considered all of the evidence, and gave little weight to nurse

practitioner Schmidt's opinion because she is not an acceptable medical source and her opinion is not supported by the totality of the medical evidence. (Comm'r Br. 12). He argues that although the ALJ might have been more expansive in his discussion of the opinion, he adequately considered it, and "An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably had no practical effect on the outcome of the case." Id. at 13(quoting Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987))(ellipses in Commissioner's Brief).

Nurse practitioners are among a group of health-care providers called "other" medical sources from whom the Commissioner will accept and use evidence showing the severity of a claimant's impairment(s) and how the impairment(s) affects claimant's ability to work. 20 C.F.R. §§ 404.1513(d), 416.913(d). Applying the regulations, a nurse practitioner is an "other" medical source, not an "acceptable medical source" or a "treating source." Id. §§ 404.1502, 404.1513, 404.1527, 416.902, 416.913, 416.927. Therefore, a nurse practitioner's opinion is not, strictly speaking, a "medical opinion," and is never entitled to controlling weight. Id. §§ 404.1527(d)(2), 416.927(d)(2).

Recognizing the reality that an increasing number of claimants have their medical care provided by health care

providers who are not "acceptable medical sources"--nurse practitioners, physician's assistants, social workers, and therapists, the Commissioner promulgated SSR 06-3p. West's Soc. Sec. Reporting Serv., Rulings 327-34 (Supp. 2009). SSR 06-3p explains that where a treating source opinion is not given controlling weight, opinions of nurse practitioners will be evaluated using the regulatory factors for evaluating medical opinions. Id. at 331-32(citing 20 C.F.R. §§ 404.1527, 416.927). In the ruling, the Commissioner recognizes that "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." Id. at 332. The ruling explains that the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the . . . decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Id. at 333; see also, Frantz v. Astrue, 509 F.3d 1299, 1300 (10th Cir. 2007)(remanding for consideration of a nurse-practitioner's opinions in light of SSR 06-3p).

The ALJ stated that he had considered all of the medical evidence including the opinion of nurse practitioner Schmidt,

that Ms. Schmidt had assessed "very significant mental limitations" which would preclude employment, including that plaintiff would miss more than four days of work a month due to his impairments or their treatment, and that plaintiff is unable to work. (R. 17)(citing Ex. 8F 17-20 (R. 338-41)). He accorded "little weight" to nurse practitioner Schmidt's opinion because she is not an acceptable medical source, and because "her findings are not supported by the totality of the medical evidence, as previously discussed." Id.

Although Ms. Schmidt is not an "acceptable medical source," that factor alone is not sufficient reason to reject or discount her opinion, because as SSR 06-3p explains, where controlling weight is not given to a treating source opinion, a nurse practitioner's opinion must be weighed using the regulatory factors in 20 C.F.R. §§ 404.1527 and 416.927. Where a nurse practitioner's opinion is not supported by the medical evidence, her opinion might legitimately be discounted. However, as with his discussion and consideration of Dr. Dietz's opinion, and as pointed out by plaintiff, the ALJ here did not explain in what way the medical evidence does not support (or is contrary to) Ms. Schmidt's opinion. The court may not produce a rationale to support the ALJ's decision.

The Commissioner's appeal to the Eighth Circuit's holding in Benskin v. Bowen is not helpful in this case. The court cannot

ascertain that the deficiency in the ALJ's "decision-writing technique" here had no practical effect on the outcome of this case because the court cannot ascertain what the ALJ's rationale was.  Therefore, it cannot determine whether substantial evidence in the record supports that rationale.  Remand is necessary for the ALJ to properly evaluate and explain his evaluation of the "other" medical source opinion of Ms. Schmidt.

In his final allegation of error, plaintiff claims the ALJ's RFC assessment and the hypothetical question did not accurately reflect plaintiff's capabilities and limitations.  Because the RFC assessment and, therefore, the hypothetical question are dependant upon a proper evaluation of the all of the relevant evidence in the record, including the opinions of all medical sources, 20 C.F.R. at §§ 404.1545, 416.945, and because the court has determined that the ALJ did not properly evaluate the opinions of the medical sources, the court is unable to determine whether the RFC assessment and hypothetical question presented in this case are supported by substantial evidence in the record.  Plaintiff may make his arguments with respect to those issues to the ALJ on remand.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED, and that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this <u>2d</u> day of November 2009, at Wichita, Kansas.


**s:/   Gerald B. Cohn**
**GERALD B. COHN**
**United States Magistrate Judge**